**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
DEMETRIUS BROWN,              :
                              :  Civil Action No. 08-6367 (RBK)
            Petitioner,       :
                              :
       v.                     :       **O P I N I O N**
                              :
WARDEN J. GRONDOLSKY,         :
                              :
            Respondent.       :
_____:


**APPEARANCES:**

| | |
|---|---|
| Demetrius Brown, <u>Pro Se</u> | Karen Helene Shelton, Esq. |
| #21534-039 | Office of the U.S. Atty |
| FCI Fort Dix | 402 East State Street |
| P.O. Box 2000 | Trenton, NJ 08608 |
| Fort Dix, NJ 08640 | Attorney for Respondent |

**KUGLER, District Judge**

Petitioner has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He has also filed numerous motions. Respondent has filed a motion to dismiss. For the following reasons, the motion to dismiss will be granted and the petition will be dismissed.

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey. In 1997, Petitioner was convicted and sentenced in the United States District Court, District of Minnesota, for conspiring to

distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846, and attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  On May 15, 1997, he was sentenced to 360 months imprisonment.  His conviction and sentenced were affirmed on appeal, and Petitioner filed numerous motions pursuant to 28 U.S.C. § 2255, all of which were denied by the sentencing court.

   In late 2007 and early 2008, Petitioner filed motions for a reduction of his sentence to "time served" and based on the Federal Sentencing Guidelines in the sentencing court.  On July 22, 2008, the District Court entered an order, granting in part the motions due to the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine.  The Court, agreeing with the United States' argument, reduced Petitioner's sentence from 360 months imprisonment to 292 months imprisonment, stating that: "The Court finds that a sentence of 292 months satisfies the objectives of the sentencing guidelines."  (Declaration of Lauren Kaplan, Ex. 6).  In accordance with this Order, the Bureau of Prisons ("BOP") recalculated Petitioner's expected release date, which is now August of 2017.

   At the time he filed this petition, Petitioner was appealing the sentence reduction to the Court of Appeals for the Eighth Circuit, arguing that the sentence should have been reduced even

further.  However, the Eighth Circuit affirmed the resentencing while this action was pending, finding, in relevant part:

> Brown appeals, arguing that the district court had authority to reduce his sentence below the amended Guidelines range and erred by not doing so.  His argument, however, is foreclosed by United States v. Starks, 551 F.3d 839 (8th Cir. 2009), in which we held a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range.  Id. at 843.  The district court thus did not err in refusing to consider a further reduction in Brown's sentence.

United States v. Brown,  565 F.3d 1093, 1094 (8th Cir. 2009).

In his petition for a writ of habeas corpus, Petitioner argues that the sentencing court actually granted his motion reducing his sentence to time served, and that he is being held unlawfully and should be released.[1]

Respondent argues that the petition should be dismissed for lack of jurisdiction.  Alternatively, Respondent argues that Petitioner's petition has no merit under § 2241.

---

[1] The Court notes that Petitioner's argument appears to be based on language in the District of Minnesota case's docket sheet.  While the Order of the sentencing judge clearly states that the sentence will be reduced to 292 months, the docket sheet reflects that Order as "granting" Petitioner's motion.  A review of Petitioner's motion shows that Petitioner had asked for "time served" as relief.  While, perhaps, a clearer docket entry would read "granted in part" instead of "granted," it is apparent from the Order itself that Petitioner was not resentenced to time served, but rather to 292 months.  (See docket sheet, attached to Petition as Ex. 2).

**DISCUSSION**

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

**A.   Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent'

to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Thus, section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973); see also Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 829-31 (D.N.J. 1996)(noting § 2241 generally appropriate only for claims challenging continued execution of sentence for which immediate or speedier release is appropriate).

Section 2255, which allows collateral review of the sentences of federal prisoners, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is being executed should be brought under § 2241).

Congress amended § 2255 as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). As of the AEDPA's effective date of April 24, 1996, a motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255.

Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. § 2255.

In this case, Petitioner argues that he is entitled to relief under § 2241 because "Warden J. Grondolsky . . . is in

derogation to executing a legal and valid order granting time served which translates into Petitioner's release from custody. Failure of the Warden to release Petitioner constitutes an unlawful imprisonment in violation of Petitioner's right to liberty."  (Traverse, ¶ 11).

This Court disagrees with Petitioner, and finds that Petitioner's claims are more appropriately asserted under § 2255, in a motion to correct, vacate, or set aside his sentence.  The Order of the sentencing court in the record of this case clearly demonstrates that the sentencing court reduced the sentence from 360 months to 292 months.  Further, the Eighth Circuit affirmed the resentencing.  Thus, it appears that the BOP is correctly executing the 292 month sentence as imposed.  The Order of the sentencing court is clear, whether or not the docket sheet is, and the BOP is adhering to the order.  Therefore, Petitioner's argument goes to the validity of the 292 month sentence, in that he argues that he should have been resentenced to time served, or for some period less than 292 months.  This Court does not have jurisdiction under § 2241 to review or change the 292 month sentence.  As such, this Court finds that the instant claims should be asserted in a motion under § 2255 filed in the District of Minnesota, and the petition must be dismissed for lack of jurisdiction.

7

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

In this case, it does not appear to be in the interests of justice to transfer the matter to the Court of Appeals for the Eighth Circuit for authorization as a second or successive filing under § 2255, as the Eighth Circuit has already reviewed the sentence on appeal, and Petitioner has filed § 2255 motions previously addressing his sentence. However, the Court will dismiss the petition, without prejudice to Petitioner raising his claims in the proper court, should he decide to do so.[2]

## CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss will be granted. The petition will be dismissed, without prejudice, for lack of jurisdiction. Petitioner's pending

---

[2] The Court has also considered Petitioner's pending motions- a motion for default judgment (docket entry 9), motion to strike (docket entry 11), and motion for judgment on the pleadings (docket entry 12). As this Court lacks jurisdiction over the Petition, and the motions do not affect that holding, the motions will be dismissed.

8

motions will also be dismissed.  An appropriate Order accompanies this Opinion.

                                         /s/ Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated: 12-21-2009